## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED C. CARRERA, II, | : | Civil No. 3:24-cv-986 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT MASON, *et al.*, | : | |
| | : | |
| Respondents | : | |

### MEMORANDUM

Petitioner Alfred Carrera ("Carrera") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). For the reasons set forth below, the Court will deny the habeas petition and a certificate of appealability will not issue.

## I.    Background[1]

On November 13, 2016, Carrera and his ex-fiancé, Lisa Dawn Smith, were at a Hardee's restaurant in Middletown, Pennsylvania. *See Commonwealth v. Carrera*, 289 A.3d 1127, 1129-30 (Pa. Super.). The victim, Doris Louey, was sitting at a nearby table with

---

[1]    A federal habeas court may take judicial notice of state court records. *See Zedonis v. Lynch,* 233 F. Supp.3d 417, 422 (M.D. Pa. 2017) (Caldwell, J.) (citing *Pension Benefit Guar. Corp. v. White Consul. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) and *Dean v. Copozza*, No. Civ. A. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013) ("Pennsylvania's Unified Judicial System provides online access to the docket sheets for criminal cases, and this Court may take judicial notice of those public dockets."). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Dauphin County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.

her keys and wallet on the table. (*Id.*). Carrera grabbed Louey's keys and wallet, and he and Smith ran out of the restaurant and got into Louey's car. (*Id.*). Carrera was in the driver's seat and Smith was in the passenger's seat. (*Id.*). Louey ran after them and pleaded for them not to take her car. (*Id.*). Carrera yelled at Louey to get away or he would shoot her. (*Id.*). Louey did not see a gun but saw Carrera motioning toward his side as if reaching for one. (*Id.*). Carrera then sped away in the victim's car. (*Id.*).

On November 17, 2016, the Middletown Police Department charged Carrera with one count of robbery of a motor vehicle, 18 Pa.C.S. § 3702(a), and one count of terroristic threats, 18 Pa.C.S. § 2706(a)(1). *Commonwealth v. Carrera*, CP-22-CR-0000132-2017 (Pa. Ct. Com. Pl. Dauphin Cnty.).

On December 5, 2017, following a jury trial, Carrera was found guilty of one count each of robbery of a motor vehicle and terroristic threats. *Id.* The trial court sentenced Carrera to 25-50 years' incarceration on the robbery conviction as a third-time offender pursuant to Pennsylvania's Three Strikes Law, and five years' probation on the terroristic threat conviction. *Id.*

Carrera filed a notice of appeal with the Pennsylvania Superior Court. *Commonwealth v. Carrera*, 325 MDA 2018 (Pa. Super.). On October 5, 2018, the Superior Court affirmed the judgment of sentence. *Commonwealth v. Carrera*, 2018 WL 4844711 (Pa. Super.). Carrera filed a petition for allowance of appeal with the Pennsylvania

Supreme Court, which was denied. *Commonwealth v. Carrera*, 708 MAL 2018, 206 A.3d 1030 (Pa.).

On March 23, 2020, Carrera filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. *See Commonwealth v. Carrera*, 289 A.3d at 1131. Counsel was subsequently appointed, and appointed counsel filed an amended petition. *Id.* On April 6, 2022, the PCRA court dismissed the petition. *Id.*

Carrera filed an appeal to the Superior Court. *Id.* On February 8, 2023, the Superior Court affirmed the order of the PCRA court dismissing the petition. *Commonwealth v. Carrera*, 289 A.3d 1127. The Pennsylvania Supreme Court subsequently denied Carrera's petition for allowance of appeal. *Commonwealth v. Carrera*, 388 MAL 2023, 320 A.3d 81 (Pa.).

Thereafter, Carrera timely filed the instant petition pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II.    <u>Habeas Claims Presented for Federal Review</u>

Carrera seeks habeas relief based on the following grounds:

- Ground One: He received an illegal sentence under Pennsylvania's Three Strikes Law.

- Ground Two: There was insufficient evidence to sustain his conviction for robbery of a motor vehicle.

- Ground Three: His conviction for robbery of a motor vehicle was against the weight of the evidence.

(Doc. 1, at 5-8; Doc. 1-1; Doc. 1-3; Doc. 1-4).

### III.    Legal Standards

The statutory authority of federal courts to issue habeas corpus relief for persons in

state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to §

2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his

confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439

(1973). "[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct.

475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based

"on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

A.    *Exhaustion and Procedural Default*

A habeas petitioner must exhaust state court remedies before obtaining habeas

relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in

Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior

Court, and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas,*

*Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992). However, in light of Pennsylvania

Supreme Court Order No. 218, issued May 9, 2000, ("Order No. 218"), it is no longer

necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme

4

Court in order to exhaust state remedies under 28 U.S.C. § 2254(c). *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) ("We now hold that Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c).").[2] The habeas petitioner has the burden of proving exhaustion. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must

---

[2]    In May 2000, the Pennsylvania Supreme Court issued an order, Order No. 218, rendering review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies for federal habeas petitions under 28 U.S.C. § 2254(c). *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (interpreting *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")). This means that, for purposes of federal habeas review under § 2254, a person in Pennsylvania custody "need not seek review from the Pennsylvania Supreme Court" in order to have exhausted state remedies and seek federal habeas review. *Id.*

"show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish prejudice, a petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. *Schlup*, 513 U.S. at 324.

B.    Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the

6

scope of that review is set forth in 28 U.S.C. § 2254(d).  Section 2254(d) provides, in

pertinent part, that an application for a writ of habeas corpus premised on a claim previously

adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not

sufficient for the petitioner to show merely that his interpretation of Supreme Court

precedent is more plausible than the state court's; rather, the petitioner must demonstrate

that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*,

171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only find a state court

decision to be an unreasonable application of federal law if the decision, "evaluated

objectively and on the merits, resulted in an outcome that cannot reasonably be justified

under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a

state court's findings of fact are correct.  A petitioner may only rebut this presumption with

clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322,

341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual

issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual

decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir.

2005).  This presumption of correctness applies to both explicit and implicit findings of fact.

*Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).  Consequently, a habeas petitioner

"must clear a high hurdle before a federal court will set aside any of the state court's factual

findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination

should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational

jurist could not reach the same finding on the basis of the evidence in the record.  28 U.S.C.

§ 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v.*

*Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316

(1979).  "This provision essentially requires the district court to step into the shoes of an

appellate tribunal, examining the record below to ascertain whether sufficient evidence

existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301

F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[3]).  Mere

disagreement with an inferential leap or credibility judgment of the state court is insufficient

to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362,

408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001).  Only when the finding

lacks evidentiary support in the state court record or is plainly controverted by evidence

---

[3]     "If the applicant challenges the sufficiency of the evidence adduced in such State court
proceeding to support the State court's determination of a factual issue made therein, the applicant, if able,
shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to
support such determination."  28 U.S.C. § 2254(f).

therein should the federal habeas court overturn a state court's factual determination.

*Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

      C.    <u>Ineffective Assistance of Counsel Standard</u>

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 466

U.S. at 689).  Notably, courts will not deem counsel ineffective for failing to raise a meritless argument.  *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *See Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different.  *See Thomas*, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test.  *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002).  The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one.  *Strickland*, 466 U.S. at 697.

## IV.    Discussion[4]

### A.    Ground One: Illegal Sentence

In ground one, Carrera contends that he was improperly sentenced under

Pennsylvania's Three Strikes Law, 42 PA. CONS. STAT. § 9714.  (Doc. 1, at 5; Doc. 1-1).

The Superior Court rejected this argument in 2018 during Carrera's direct appeal, and then

again in 2023 when he raised it on PCRA appeal.

Generally, sentencing is a matter of state criminal procedure that does not fall within

the purview of federal habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74 (2005).  Unless a

habeas petitioner establishes that his sentence violated federal law, the legality of a

sentence is purely a question of state law that a federal court has no power to review in a

habeas corpus proceeding.  *See, e.g.*, *Grecco v. O'Lone*, 661 F.Supp. 408, 415 (D.N.J.

1987); *Knight v. Beyer,* 1989 WL 68618, at *6 (E.D. Pa. June 22, 1989) ("[a]bsent some

constitutional violation, it is clear that, particularly in the area of state sentencing guidelines,

federal courts cannot review a state's alleged failure to adhere to its own sentencing

procedure").  Thus, a state court's sentence and claims stemming therefrom are generally

not cognizable.  Such appears to be the case here where Carrera presents a question of

---

[4]    "In considering a § 2254 petition, we review the 'last reasoned decision' of the state courts on the petitioner's claims." *Simmons v. Beard*, 590 F.3d 223, 231-32 (3d Cir. 2009) (citing *Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008)).  Thus, "[w]e review the appellate court decision, not the trial court decision, as long as the appellate court 'issued a judgment, with explanation, binding on the parties before it.'" *Burnside v. Wenerowicz*, 525 F. App'x 135, 138 (3d Cir. 2013).  The Pennsylvania Superior Court's opinions issued on October 5, 2018 and February 8, 2023, will be the primary reference points in addressing Carrera's claims.  *See Commonwealth v. Carrera*, 2018 WL 4844711 (Pa. Super. Oct. 5, 2018); *Commonwealth v. Carrera*, 289 A.3d 1127 (Pa. Super. Feb. 8, 2023).

state law as to whether his sentence was imposed in violation of Pennsylvania's Three Strikes Law.

Nevertheless, the Court will explain why Carrera's illegal sentence claim is simply without merit. On PCRA appeal, the Superior Court found, contrary to Carrera's argument, that his sentencing as a third-strike offender was based on the fact of his prior convictions, which were offenses enumerated in the Three Strikes Law. *Commonwealth v. Carrera*, 289 A.3d at 1132-35. The Superior Court concluded that the enhancement was constitutional and Carrera's sentence of 25 to 50 years' imprisonment is not illegal. *Id.* The Court noted that Carrera pled guilty to aggravated indecent assault, 18 Pa.C.S. § 3125(1), on February 6, 1996, and pled guilty to robbery, 18 Pa.C.S. § 3701(a)(1)(ii), on August 29, 2014—constituting his two strikes. *Id.*

Here, Carrera argues, as he did in state court, that his 1996 conviction for aggravated indecent assault was not a first strike because it was not included in the Three Strikes Law until 2000. (Doc. 1-1). He further argues that his 2014 robbery conviction does not constitute a second strike. (Doc. 1-1; Doc. 19, at 4). With respect to this claim, Carrera asserts that during sentencing, the Commonwealth waived the personal injury element of the crimes, "making those robberies nonviolent." (Doc. 1-1, at 1-2). Thus, it should not count as a strike. (*Id.*). He alleges that the jury rather than the sentencing court should have decided if his 1996 and 2014 convictions were crimes of violence under the Three Strikes Law. (*Id.*).

Carrera's claim is meritless. *Alleyne v. United States*, 570 U.S. 99, 103, 108 (2013),

holds that any fact that increases the mandatory minimum sentence is an element of the

crime that must be found beyond a reasonable doubt by the trier of fact. However, *Alleyne*

carves out a specific exception for the "fact" of prior convictions, which are not required to

be found by a jury beyond a reasonable doubt. *See Alleyne*, 570 U.S. at 111 n.1 (citing

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998)); *see also United States v.

Booker*, 543 U.S. 220, 244 (2005) (prior convictions and facts admitted by defendant do not

need to be submitted to a jury to be considered in setting statutory maximum). Additionally,

"[s]ection 9714 [the recidivist statute] increases mandatory minimum sentences based on

prior convictions. Accordingly, this section is not unconstitutional under *Alleyne*."

*Commonwealth v. Reid*, 117 A.3d 777, 785 (Pa. Super. Ct. 2015) (citations omitted).

Carrera also contends that *Roselli v. Smith*, No. 17-2196, 2020 WL 6449267 (E.D.

Pa. Nov. 2, 2020), applies because the trial court in this matter also improperly found, by a

preponderance of the evidence, facts used in sentencing that should have been determined

by the jury beyond a reasonable doubt. (Doc. 1-1, at 3; Doc. 19, at 4-5). In that case,

Roselli was sentenced to a mandatory minimum sentence of 25 years under Pennsylvania's

Three Strikes Law after his third burglary, which crime is considered a "crime of violence"

under the statute if a person was in the structure during the illegal entry and it was adapted

for overnight accommodation. *Roselli*, 2020 WL 6449267, at *1-2. In reaching the verdict

on the most recent burglary, the jury specifically found that, beyond a reasonable doubt,

these circumstances were present. *Id.* at *2. However, their presence during the prior two

burglaries was determined by the judge as an evidentiary preponderance based on

underlying criminal complaints and affidavits of probable cause submitted by the

Commonwealth. *Id.* The district court judge agreed that the jury had appropriately

determined whether the most recent burglary met the requirements of a "strike," but he

found that as to the two prior convictions the trial court had, in violation of the Sixth

Amendment, improperly usurped the role of the jury and "considered outside materials and

made its resulting findings by an evidentiary preponderance." *Id.* at *7. Accordingly, the

district court judge conditionally granted the petitioner's petition on this issue, subject to

resentencing by the state court. *Id.* at *10.

> Here, the Superior Court adequately addressed why Carrera's challenge fails:

> Carrera argues that the court erred in denying his PCRA petition because the Pennsylvania Three Strikes Law is unconstitutional as applied to him, and because he challenged "the legal and factual basis for [its] imposition," the jury should have made the determination about whether his predicate offenses were "crimes of violence" to which it applied. (*See id.* at 10, 12-17). In support of his claim, he relies on *Roselli* [*v. Smith*, 2020 WL 6449267 (E.D. Pa. 2020)], an unpublished federal district court decision. (*See id.*).
> …

> At the outset, we note that *Roselli* is not binding on this Court. It conflicts with our decisions that it is the sentencing court that makes the decision whether a prior crime is a crime of violence for purposes of the statute, and "the court may receive any relevant information for the purposes of determining the proper penalty." *Commonwealth v. Maroney*, 201 Pa.Super. 493, 193 A.2d 640, 642 (1963).

>> [T]he Supreme Court explicitly exempted the existence of prior convictions from the mandate of jury consideration when sentencing

14

> enhancement is an issue. When considering the propriety of a
> sentencing enhancement in the wake of *Apprendi, supra,* this Court
> has determined that it is appropriate to employ a multi-part analysis.
> *Commonwealth v. Lowery,* 784 A.2d 795, 799 (Pa. Super. 2001).
> First, we must ascertain whether the enhanced sentence exceeded
> the statutory maximum for the crime for which the defendant was
> convicted. If it did, the next question is whether the enhanced
> sentence was based upon the fact of a prior conviction. If it was,
> then the sentence is constitutional. If it was not, then the sentence is
> unconstitutional. *Id.* (citing *United States v. Williams,* 235 F.3d 858,
> 863 n. 4 (3d Cir. 2000)).

*Commonwealth v. Harris,* 888 A.2d 862, 872 (Pa. Super. 2005).

Moreover, even if *Roselli* applied, the facts here are significantly different in
that no extrinsic evidence was needed to determine whether Carrera
committed three enumerated crimes that made the Third Strike sentencing
enhancement applicable.

At sentencing, the Commonwealth produced a sealed and certified file from
the clerk of courts that evidenced that Carrera pleaded guilty to aggravated
indecent assault, 18 Pa.C.S. § 3125(1), on February 6, 1996, and a sealed
and certified docket that reflected Carrera pled guilty to robbery, 18 Pa.C.S. §
3701(a)(1)(ii), on August 29, 2014. (*See* N.T. Sentencing, 1/31/18, at 3-4).
Both exhibits were moved into the record as self-authenticating, and the
convictions were for enumerated crimes of violence under the Three Strikes
legislation. (*See id.* at 4); 42 Pa.C.S. § 9714(g). No extrinsic evidence such
as an affidavit of probable cause was used in determining whether any of the
crimes were qualifying crimes in applying the enhancement.

As this Court explained in his direct appeal, the sentencing court properly
found that his 1996 conviction for aggravated indecent assault was a first
strike despite it not being included in the Three Strikes Law until 2000, and
the Commonwealth did not waive the personal injury element of his 2014
robbery; therefore, it was a second strike. (*See Carrera,* 2018 WL 4844711,
at *6). Carrera's reliance on *Roselli* is neither legally binding nor persuasive.
Moreover, even if *Roselli* was either, the application of the enhancement was
constitutional. Unlike in that case, Carrera's sentencing as a third-strike
offender was based on his prior convictions, without the use of any extrinsic

15

evidence such as a probable cause affidavit, making the enhancement constitutional even if *Roselli* was applicable.

Accordingly, because Carrera's sentencing as a third-strike offender was based on the fact of his prior convictions, which were offenses enumerated in the Three Strikes Law, the enhancement was constitutional. *See Harris*, 888 A.2d at 872. For all these reasons, we affirm the order of the PCRA court dismissing his petition.

*Commonwealth v. Carrera*, 289 A.3d at 1132-35 (footnotes omitted).

The state court's adjudication of this claim was correct and thus reasonable.

Carrera's sentencing as a third-strike offender was based on the fact of his prior convictions.

*Id.* Thus, as the Superior Court held, Carrera's sentencing—where the court (rather than a

jury) found that Carrera had two qualifying prior convictions for crimes of violence—was not

illegal. *Id.* Carrera has not shown that the state court's ruling was based upon an

unreasonable determination of the facts, or that it resulted in a decision that was contrary to,

or involved an unreasonable application of, clearly established Supreme Court law. Carrera

is not entitled to habeas relief on this claim.

B.    Ground Two: Sufficiency of the Evidence

In ground two, Carrera alleges that the evidence was insufficient to sustain his

conviction for robbery of a motor vehicle. (Doc. 1, at 6; Doc. 1-3).

The "clearly established Federal law" governing sufficiency of the evidence claims is

set forth in the United States Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307

(1979). Under *Jackson*, evidence is sufficient to support a conviction if, "after reviewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

"*Jackson* leaves juries broad discretion in deciding what inferences to draw from the

evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic

facts to ultimate facts.'" *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (quoting *Jackson*,

443 U.S. at 319).

On direct appeal, Carrera argued that the evidence was insufficient to support his

conviction for robbery of a motor vehicle. *Commonwealth v. Carrera*, 2018 WL 4844711, at

*4-5. In affirming the judgment of sentence, the Superior Court rejected Carrera's

sufficiency of the evidence claim and found as follows:

> In Appellant's first issue, he challenges the sufficiency of the evidence with
> respect to his conviction for robbery of a motor vehicle. Our standard of
> review is well settled:
>
>> The standard we apply in reviewing the sufficiency of evidence is
>> whether, viewing all the evidence admitted at trial in the light most
>> favorable to the verdict winner, there is sufficient evidence to enable
>> the fact-finder to find every element of the crime beyond a
>> reasonable doubt. In applying the above test, we may not weigh the
>> evidence and substitute our judgment for that of the fact-finder. In
>> addition, we note that the facts and circumstances established by the
>> Commonwealth need not preclude every possibility of innocence.
>> Any doubts regarding a defendant's guilt may be resolved by the
>> fact-finder unless the evidence is so weak and inconclusive that as a
>> matter of law no probability of fact may be drawn from the combined
>> circumstances. The Commonwealth may sustain its burden of
>> proving every element of the crime beyond a reasonable doubt by
>> means of wholly circumstantial evidence. Moreover, in applying the
>> above test, the entire record must be evaluated and all evidence
>> actually received must be considered. Finally, the trier of fact while
>> passing upon the credibility of witnesses and the weight of the

evidence produced, is free to believe all, part or none of the
evidence.

*Commonwealth v. Sauers*, 159 A.3d 1, 11 (Pa. Super. 2017). The crime of
robbery of a motor vehicle is defined as follows:

(a) Offense defined.--A person commits a felony of the first degree if
he steals or takes a motor vehicle from another person in the
presence of that person or any other person in lawful possession of
the motor vehicle.

18 Pa.C.S. § 3702(a). *Robbery* of a motor vehicle has additional elements
and is distinct from *theft* of a motor vehicle. *Commonwealth v. George*, 705
A.2d 916, 919 (Pa. Super. 1998). Therefore, the Commonwealth must prove
the following elements:

(1) the stealing, taking or exercise of unlawful control over a motor
vehicle; (2) from another person in the presence of that person or
any other person in lawful possession of the vehicle; and (3) the
taking must be accomplished by the use of force, intimidation or the
inducement of fear in the victim.

*Id.* at 919-920.

At trial, Ms. Louey testified as follows:

So I sat down and I'm texting my boyfriend. And I could hear
[Appellant and Ms. Smith] talking. I don't know what they were
discussing or anything. But next thing I know, he rushed over,
grabbed my keys and my wallet off the table, ran out the door. So of
course my first instinct was to run after him. He went around the
back of my car, because I was parked at the second parking spot,
and was getting in. And she was trying to get in the passenger door.
And as she got in, I grabbed the door and I said: Don't take my car.

I don't even remember my exact wording, but it was: Don't take my
car, please. You know: You can't do this.

And at that time the girl didn't say a word. She just sat in the seat.
She didn't - - you know, she didn't -- I don't even remember she

18

looked at me or anything. She just sat in the seat. And he said: Get the fuck away, bitch, or I'll shoot you.

And he patted his side like he must have had something in — a weapon, a gun, something inside his pants or his jacket pocket. So of course at that point I'm not going to say, let me - - I can't say: I wanna see it; let me see it. Do you really have a gun?

So I backed off. That's exactly what I did. I backed off and I watched them drive away. And I'm calling 911 and I'm saying: My car was just stolen. I'm here at the Hardee's in Middletown and someone took my car.

N.T., 12/4-5/17, at 47-48.

Appellant also testified at his trial. He admitted that he stole Ms. Louey's keys and wallet from her table in the restaurant, ran outside, and drove away in her vehicle. N.T., 12/4-5/17, at 144-145. Despite Appellant's claim that he did not have a gun and that he yelled at Ms. Smith and not Ms. Louey, the jury was free to believe some, all, or none of the evidence. *Sauers*, 159 A.3d at 11.

Ultimately, the jury opted to find Ms. Louey's testimony credible as it was free to do. Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to establish that Appellant stole Ms. Louey's vehicle in Ms. Louey's presence, and he did so by inducing fear in Ms. Louey by threatening to shoot her while he drove away in her car. Accordingly, the Commonwealth established the elements of robbery of a motor vehicle. *George*, 705 A.2d at 919.

*Commonwealth v. Carrera*, 2018 WL 4844711, at *4-5 (footnote omitted).

Clearly, the state court applied the Pennsylvania equivalent of the *Jackson* standard.

See *Evans*, 959 F.2d at 1233 (noting that the test for sufficiency of the evidence is the same

under both Pennsylvania and federal law). Because the Superior Court applied the correct

legal standard, its adjudication satisfies review under the "contrary to" clause of §

2254(d)(1).  *See, e.g., Williams*, 529 U.S. at 405-06.

The Court next considers whether the trial court's decision amounted to an

"unreasonable application" of *Jackson.*

> *Jackson* claims face a high bar in federal habeas proceedings because they
> are subject to two layers of judicial deference.  First, on direct appeal, "it is the
> responsibility of the jury…to decide what conclusions should be drawn from
> evidence admitted at trial.  A reviewing court may set aside the [trial court's]
> verdict on the ground of insufficient evidence only if no rational trier of fact
> could have agreed with the [trial court]." *Cavazos v. Smith*, 565 U.S. 1
> (2011).  And second, on habeas review, "a federal court may not overturn a
> state court decision rejecting a sufficiency of the evidence challenge simply
> because the federal court disagrees with the state court.  The federal court
> instead may do so only if the state court decision was 'objectively
> unreasonable.'"  *Ibid.* (quoting *Renico v. Lett*, 559 U.S. 766 (2010)).
>
> - - -
>
> [T]he only question under *Jackson* is whether [the state court's] finding was
> so insupportable as to fall below the threshold of bare rationality.  The state
> court of last review did not think so, and that determination in turn is entitled
> to considerable deference under AEDPA, 28 U.S.C. § 2254(d).

*Coleman,* 566 U.S. at 651, 656.

Carrera's sufficiency of the evidence argument raised here echoes the argument

raised in state court.  (Doc. 1, at 6; Doc. 1-3).  He argues that the Commonwealth failed to

establish, beyond a reasonable doubt, the third element for robbery of a motor vehicle.

(*Id.*).

In considering this issue, the Superior Court found that the Commonwealth

established the elements of robbery of a motor vehicle.  *Commonwealth v. Carrera*, 2018

WL 4844711, at *4-5.  The Superior Court noted that the Commonwealth must prove the

following three elements: (1) the stealing, taking or exercise of unlawful control over a motor vehicle; (2) from another person in the presence of that person or any other person in lawful possession of the vehicle; and (3) the taking must be accomplished by the use of force, intimidation or the inducement of fear in the victim. *Id.* at *4. The Superior Court further noted that the jury heard testimony from Carrera and the victim. *Id.* at 2-5. While Carrera admitted that he stole the victim's keys and wallet, and drove away in her vehicle, he denied that he had a gun on his person. *Id.* at 5. Ultimately, the Superior Court noted, the jury found the victim's testimony credible. *Id.* The Superior Court found that the evidence was sufficient to establish that Carrera stole the victim's car in her presence, and he did so by inducing fear in the victim and threatening to shoot her. *Id.*

Significantly, Carrera does not argue that the state court's reliance on the above evidence and testimony "was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 566 U.S. at 656. Instead, he argues that there were inconsistencies in the victim's testimony, and the Commonwealth only proved theft of a motor vehicle by unlawful taking, and not robbery of a motor vehicle. (Doc. 1-3).

"28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Indeed, under the *Jackson* standard, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup*, 513 U.S. at 330. The proper question is not whether the witnesses were

credible, but "whether there is sufficient evidence which, if credited, could support the conviction." *Id.* Further, *Coleman* cautioned courts that *Jackson* does not permit "imping[ing] on the jury's role as factfinder" through "fine-grained factual parsing." *Coleman*, 566 U.S. at 655. Rather, "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.' [*Jackson*, 443 U.S.] at 319." *Id.*

Taking into consideration all of this evidence as a whole, and viewing the evidence in the light most favorable to the prosecution, the Court finds that the state court's conclusion that there was sufficient evidence at trial to establish the necessary elements of robbery of a motor vehicle, and to sustain the verdict, is not objectively unreasonable. *Jackson*, 443 U.S. at 319. There simply is no possibility that fair-minded jurists could find that this determination conflicts with applicable Supreme Court precedent. Nor, based on review of the state court evidence, is it an unreasonable determination of the facts. "Affording due respect to the role of the jury and the state courts," *Coleman*, 566 U.S. at 656, Carrera's sufficiency of the evidence claim fails.

## C. Ground Three: Weight of the Evidence

In his final claim for relief, Carrera alleges that his conviction for robbery of a motor vehicle was against the weight of the evidence. (Doc. 1, at 8; Doc. 1-4). Respondent contends that this claim is procedurally defaulted. (Doc. 13 ¶¶ 17-18). The Court agrees.

22

On direct appeal, the Superior Court found that Carrera waived this claim and reasoned as follows:

> Next, Appellant purports to challenge the weight of the evidence. However, in order to preserve a challenge to the weight of the evidence, the Pennsylvania Rules of Criminal Procedure require an appellant to raise the issue in a motion made orally on the record prior to sentencing, in a written motion at any time before sentencing, or in a timely post-sentence motion. Pa.R.Crim.P. 607(A). Our review of the record reveals that Appellant failed to preserve his weight of the evidence argument pursuant to Rule 607; therefore, Appellant waived his challenge to the weight of the evidence. *Commonwealth v. Roche*, 153 A.3d 1063, 1071 (Pa. Super. 2017).

*Commonwealth v. Carrera*, 2018 WL 4844711, at *5.

Carrera acknowledges that his weight of the evidence claim was raised as an ineffective assistance of counsel claim during the PCRA proceedings (rather than a standalone claim that his conviction was against the weight of the evidence). (Doc. 1, at 8; Doc. 19, at 10-11). The Court notes that in Carrera's petition for habeas relief, he claims that his conviction for robbery of a motor vehicle was against the weight of the evidence. (Doc. 1, at 8; Doc. 1-4). In his habeas petition, Carrera does not claim that he was subjected to ineffective assistance of counsel when his trial counsel failed to challenge the verdict as being against the weight of the evidence. (*See id.*).

As highlighted above, on direct appeal, the Superior Court found the weight of the evidence claim waived. *See Commonwealth v. Carrera*, 2018 WL 4844711, at *5. When the state court does not address the merits of a claim because the petitioner failed to follow the state's procedural rules in presenting the claims, the claim will be considered

23

procedurally defaulted if the rule upon which the state court relied is independent of the

constitutional issue and adequate to support the decision. *Maples v. Thomas*, 565 U.S.

266, 280 (2012); *Harris v. Reed*, 489 U.S. 255, 260 (1989). "[A] state procedural ground is

not 'adequate' unless the procedural rule is 'strictly or regularly followed,'" *Johnson v.*

*Mississippi*, 486 U.S. 578, 587 (1988), and the rule "speaks in unmistakable terms." *Doctor*

*v. Walters*, 96 F.3d 675, 683 (3d Cir. 1996) (*abrogated on other grounds by Beard v.*

*Kindler*, 558 U.S. 53 (2009)). Thus, the procedural disposition must comport with similar

decisions in other cases such that there is a firmly established rule that is applied in a

consistent and regular manner "in the vast majority of cases." *Banks v. Horn*, 126 F.3d 206,

211 (3d Cir. 1997) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989)).

Here, the default is based on the Superior Court's finding of waiver, specifically

Carrera's failure to develop the claim on appeal. *See Commonwealth v. Carrera*, 2018 WL

4844711, at *5. As a result of the state court's finding that this claim was waived, the claim

is procedurally defaulted. Carrera fails to allege, as is his burden, the existence of either

cause or prejudice for the procedural default and none appears on the record. (Doc. 1, at 8;

Doc. 1-4; Doc. 19, at 10-11). Neither does it appear that a miscarriage of justice would

occur. Accordingly, habeas review of this claim is foreclosed.

## V.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for

appellate review of a district court's disposition of a habeas petition. It provides that

"[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Carrera's claims should be denied for the reasons given herein. Accordingly, the Court will not issue a certificate of appealability.

## VI.    Conclusion

The Court will deny the § 2254 petition for writ of habeas corpus. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March 31, 2025

25